UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD SIRIANNI,

      Plaintiff,

v.                                                                 Case No.:  2:26-cv-76-SPC-DNF

AMERICAN STRATEGIC
INSURANCE CORP.,

      Defendant.

---

## OPINION AND ORDER

Before the Court are Plaintiff Ronald Sirianni's complaint (Doc. 1) and response to the Court's Order to Show Cause (Doc. 25).  For the reasons outlined below, the Court dismisses Plaintiff's case without prejudice as unripe.

Federal courts are courts of limited jurisdiction and have "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y.H. Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)).  "If a claim is not ripe, the district court lacks jurisdiction to issue a ruling on the merits and therefore must dismiss that claim without prejudice." *Serpentfoot v. Rome City Comm'n*, 322 F. App'x 801, 805 (11th Cir. 2009).

This is a breach of insurance contract action arising from flood damage Plaintiff's property sustained during Hurricane Ian. Defendant is a write-your-own program carrier participating in the National Flood Insurance Program. It issued Plaintiff a Standard Flood Insurance Policy ("SFIP") effective during the time of loss. Plaintiff submitted a claim to Defendant for the flood damage. Defendant denied certain payments for the claim. Thus, the present lawsuit.

Before a claimant can file suit for breach of an SFIP, the insurer must have issued a written denial. *Cohn v. First Protective Ins. Co.*, No. 2:24-CV-842-SPC-KCD, 2024 WL 5202784, at *1 (M.D. Fla. Dec. 23, 2024) ("And, at bottom, a suit alleging a breach of the SFIP is not ripe until the insurer issues a written denial."). Defendant (through briefing on another matter) offered what it believed to be its written denial. (Doc. 14-2). But Plaintiff responded that such letter was not a proper denial. (Doc. 15). So the Court ordered Plaintiff to provide the written denial that he alleges gives rise to his claim. (Doc. 20).

In response, Plaintiff does not provide a denial letter. Instead, he offers a snapshot of the claims adjusting process and asks the Court to find a "constructive denial" because Defendant has not responded to his claim for additional damages. (Doc. 25). And he cites several non-binding cases for the proposition that "[c]ourts have recognized instances where an insurer has

constructively denied an insurance claim due to a prolonged refusal to respond or by suspending coverage." (*Id.* at 3). But none of the cited cases involve claims under an SFIP and are thus unpersuasive.

Ultimately, Plaintiff bears the burden of establishing his case is ripe. *See Rubenstein v. Fla. Bar*, 69 F. Supp. 3d 1331, 1338 (S.D. Fla. 2014) ("Because standing and ripeness are jurisdictional inquiries, Plaintiffs, as the party invoking federal jurisdiction, bear the burden of establishing that that they have standing to sue and that this case is ripe for review."). Because he has not provided a written denial that would give rise to his claim or authority for a "constructive denial" in the SFIP context, the Court dismisses his claim without prejudice. *See Cohn*, 2024 WL 5202784, at 1–2 (dismissing breach of SFIP case as unripe because no written denial had been issued); *Rosenberg v. First Protective Ins. Co.*, No. 2:24-CV-752-SPC-NPM, 2025 WL 404666, at *1 (M.D. Fla. Feb. 5, 2025) (same).

Accordingly, it is now

**ORDERED:**

1. Plaintiff's case is **DISMISSED without prejudice** as unripe.

2. The Clerk is **DIRECTED** to deny all pending motions as moot, terminate any deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on May 20, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record

4